IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**EDWIN G. CHAMPION**                                                                        **PLAINTIFF**

**VS.**                                                      **CIVIL ACTION NO.** 3:17-cv-736-DCB-LRA

**MICHAEL D. BROWN,**
**AVERITT EXPRESS, INC.,**
**AND JOHN DOE 1**                                                                            **DEFENDANTS**

## NOTICE OF REMOVAL

COME NOW Defendants Averitt Express, Inc. ("Averitt") and Michael D. Brown ("Brown")(collectively "Defendants"), and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, remove this cause to this Court and would show as follows:

1. On or about August 1, 2017, Plaintiff filed his Complaint styled as *Edwin G. Champion v. Michael D. Brown, Averitt Express, Inc., and John Doe 1*, Civil Action No. 17-3498, in the County Court of the First Judicial District of Hinds County, Mississippi. (Exhibit 1, Complaint).

2. Averitt was served with process on or about August 17, 2017. Brown was served with process on or after August 17, 2017. As a result, this removal is timely.

3. Diversity jurisdiction is appropriate when the parties are diverse and the amount in controversy is met. 28 U.S.C. § 1332. Here, as shown below, both the diversity requirement and the amount in controversy requirement are met.

4. According to the Complaint, Plaintiff is an adult resident citizen of North Carolina. (Exhibit 1, Complaint ¶ 1).

5. At the time of the filing of this lawsuit, Averitt was a Tennessee corporation with a principal place of business in Tennessee. (Exhibit 1, Complaint ¶ 3). Thus, Averitt is a corporate citizen of the State of Tennessee.

6. At the time of the filing of this lawsuit, Brown was an adult resident citizen of Mississippi. (Exhibit 1, Complaint ¶ 2).

7. As a result of the foregoing, there is complete diversity of citizenship pursuant to 28 U.S.C. § 1332.

8. Even though Plaintiff's Complaint does not allege a specific amount of damages, the allegations in the Complaint make it facially apparent that the amount in controversy exceeds $75,000.00, exclusive of interests and costs. Plaintiff seeks actual and compensatory damages as a result of the subject incident, as well as both pre- and post-judgment interest. (Exhibit 1, Complaint). Plaintiff also seeks punitive damages, attorneys' fees, and costs against Averitt, which are included to determine the amount in controversy. *Id.*; *See, e.g., United States Fire Ins. Co. v. Villegas*, 242 F.3d 279 (5th Cir. 2001)(unspecified punitive damages claim sufficient to meet jurisdictional requirement); *Montgomery v. First Family Fin. Serv., Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002) (holding amount in controversy was met where plaintiffs demanded unspecified punitive damages and noting that federal courts in Mississippi have consistently held a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction); and *Wince v. Wal-Mart Stores, Inc.*, 373 F. Supp. 2d 670, 673 (S.D. Miss. 2005) ("If a party may recover attorney's fees, those fees are also to be included in the amount in controversy determination."). Moreover, Plaintiff has not limited his request for damages in any way. Thus, the amount in controversy clearly exceeds $75,000.00, exclusive of interests and cost.

9. For the foregoing reasons, the above-described action is a civil action in which this Court has actual jurisdiction under the provisions of 28 U.S.C. § 1332, since this action is a controversy wholly between citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

10. A copy of the Complaint is attached as Exhibit 1 and, as required by L.U.Civ.R. 5(b), a certified copy of the entire state court record will filed as a separately docketed item within fourteen days.

11. Defendants, after promptly filing this Notice of Removal, will give notice to all parties and to the Clerk of Hinds County County Court, by filing a copy of this Notice of Removal with the Clerk of Hinds County, Mississippi.

12. Defendants further reserve their right to amend and/or supplement this Notice of Removal as needed and as appropriate.

WHEREFORE, PREMISES CONSIDERED, Defendants Averitt Express, Inc. and Michael D. Brown respectfully request that this Court assume jurisdiction as required by law.

RESPECTFULLY SUBMITTED this the 13th day of September, 2017.

        **AVERITT EXPRESS, INC. AND**
        **MICHAEL D. BROWN**

BY: /s/ R. Jarrad Garner
     R. Jarrad Garner (MSB #99584)
     H. Richard Davis, Jr. (MSB #103983)
     Adams and Reese LLP
     1018 Highland Colony Parkway, Suite 800
     Ridgeland, Mississippi 39157
     Telephone: (601) 353-3234
     Facsimile: (601) 355-9708
     jarrad.garner@arlaw.com
     richard.davis@arlaw.com

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

**RESPECTFULLY SUBMITTED** this the 13th day of September, 2017.

                                          */s/ R. Jarrad Garner*
                                          R. Jarrad Garner