IN THE COUNTY COURT OF HINDS COUNTY
STATE OF MISSISSIPPI

**FILED**
AUG 01 2017
ZACK WALLACE, CIRCUIT CLERK
_____ D.C.

EDWIN G. CHAMPION                                    PLAINTIFF

VS.                                      CIVIL ACTION NO.: 17-3498

MICHAEL D. BROWN                                     DEFENDANTS
AVERITT EXPRESS, INC.
AND JOHN DOE 1

## COMPLAINT

COMES NOW Plaintiff, Edwin G. Champion, through his attorney, and files this Complaint, and for his claim for relief against the defendant herein, would respectfully show the following:

### PARTIES

1.

Plaintiff, Edwin G. Champion, is an adult resident citizen of Harrisburg, NC.

2.

Defendant, Michael D. Brown, is an adult resident citizen of Louisville, Mississippi, who may be served with process of this Court at his residence at 102 Green Tree Place, Louisville, MS 39339.

3.

Defendant, Averitt Express, Inc. may be served with service of process by servicing the Registered Agent, National Corporate Research Ltd. at 840 Trustmark Building located at 248 East Capital Street, Suite 840, Jackson, Mississippi 39201.

4.

Defendant, John Doe 1, is unknown at this time.



## JURISDICTION AND VENUE

5.

Venue is proper in the County Court of Hinds County, Mississippi pursuant to Section 11-11-3 of the Mississippi Code, in that the cause of action occurred in Hinds County, Mississippi. , Mississippi.

## FACTS

6.

On May 3, 2016, Edwin Champion was travelling west in a Surge Logistics tractor trailer on I-20. Mr. Champion stopped due to traffic on the interstate. Austin Thomas was travelling west along with Tanner Gardo in a white GMC Sierra. Mr. Thomas also stopped due to traffic on the interstate. Michael Brown was travelling west in an Averitt Express tractor trailer. Mr. Brown hit Mr. Thomas' vehicle in the rear which caused it to be sandwiched between Mr. Brown and Mr. Champion's tractor trailers. Mr. Champion received damage to the rear of his tractor trailer.

7.

While responsible for the management and control of the vehicle, Defendant, Michael D. Brown, caused his vehicle to be driven in a careless, negligent, and reckless manner and without due regard for the safety and convenience of Edwin G. Champion. Defendant caused said vehicle to be driven into Plaintiff's vehicle causing him great physical pain and mental anguish.

## COUNT I

## NEGLIGENCE OF MICHAEL D. BROWN

8.

The allegations of paragraphs 1-7 are incorporated herein by reference.

9.

At such time and place, Defendant, Michael D. Brown, disregarded his duty as a motorist and failed to act reasonably under the existing circumstances. Michael D. Brown's negligence included the following:

    a.    Failure to maintain proper control of his vehicle;

    b.    Failure to keep a proper lookout;

    c.    Failure to drive at a reasonable speed under the existing circumstances and conditions;

        Failure to operate said vehicle with due care and caution for the safety of the plaintiff;

    d.    Failure to take evasive action to prevent or avoid the collision;

    e.    Failure to follow the rules of the road; and

    f.    Other acts of negligence or omissions of this defendant.

## COUNT II

### NEGLIGENCE OF AVERITT EXPRESS, INC.

10.

The allegations of paragraph 1-9 are incorporated herein by reference.

11.

At the above mentioned time and place, Defendant, Averitt Express, Inc., was the owner of the tractor trailer involved in the injury on May 3, 2016 and being operated by Michael D. Brown.

12.

At the above mentioned time and place, Defendant, Michael D. Brown, was acting in the furtherance of the business of Averitt Express, Inc., and within the scope of his employment.

13.

Defendant, Averitt Express, Inc., is liable for negligent acts of its employee, Michael D. Brown.

14.

Defendant, Averitt Express, Inc., knew or should have known that Defendant, Michael D. Brown, was a reckless or incompetent driver and should not have entrusted him with the tractor trailer he was operating. Entrusting the tractor trailer to Michael D. Brown was a negligent act by Defendant, Averitt Express, Inc.

## **DAMAGES**

15.

As a direct and proximate cause of the defendant's negligence and carelessness, Edwin Champion suffered serious injuries. Plaintiff is entitled to recover damages in an amount to be assessed by the jury, including but not limited to the following:

   a.   Past, present and future doctor, hospital, drug, and medical bills;

   b.   Mental and Emotional Distress;

   c.   Past, present and future Physical Pain and Suffering;

   d.   Inconvenience and discomfort;

   e.   Loss of enjoyment of life;

   f.   Any other relief which the Court or jury deems just or appropriate based upon the circumstances.

16.

Plaintiff further requests any other relief which the Court or Jury deems just or appropriate based upon the circumstances.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment from the defendant, Michael D. Brown, for actual and compensatory damages, plus pre-judgment (from the date of the filing of the Complaint) and post-judgment interest, punitive damages, attorneys' fees, all costs accrued in this action, and any other relief which the Court or Jury deems just or appropriate.

RESPECTFULLY SUBMITTED,

EDWIN CHAMPION

BY: _____

TYLVESTER O. GOSS (MSB #4920)

GOSS & WILLIAMS, PLLC
1441 LAKEOVER ROAD
JACKSON, MS 39213
(601) 981-2800

IN THE COUNTY COURT OF HINDS COUNTY
STATE OF MISSISSIPPI

**EDWIN G. CHAMPION**　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**VS.**　　　　　　　　　　　　　　　　CIVIL ACTION NO.: 17-_____

**MICHAEL D. BROWN**　　　　　　　　　　　　　　　　　　　**DEFENDANTS**
**AVERITT EXPRESS, INC.**
**AND JOHN DOE 1**

## COMPLAINT

COMES NOW Plaintiff, Edwin G. Champion, through his attorney, and files this Complaint, and for his claim for relief against the defendant herein, would respectfully show the following:

### PARTIES

1.

Plaintiff, Edwin G. Champion, is an adult resident citizen of Harrisburg, NC.

2.

Defendant, Michael D. Brown, is an adult resident citizen of Louisville, Mississippi, who may be served with process of this Court at his residence at 102 Green Tree Place, Louisville, MS 39339.

3.

Defendant, Averitt Express, Inc. may be served with service of process by servicing the Registered Agent, National Corporate Research Ltd. at 840 Trustmark Building located at 248 East Capital Street, Suite 840, Jackson, Mississippi 39201.

4.

Defendant, John Doe 1, is unknown at this time.

## JURISDICTION AND VENUE

5.

Venue is proper in the County Court of Hinds County, Mississippi pursuant to Section 11-11-3 of the Mississippi Code, in that the cause of action occurred in Hinds County, Mississippi. , Mississippi.

## FACTS

6.

On May 3, 2016, Edwin Champion was travelling west in a Surge Logistics tractor trailer on I-20. Mr. Champion stopped due to traffic on the interstate. Austin Thomas was travelling west along with Tanner Gardo in a white GMC Sierra. Mr. Thomas also stopped due to traffic on the interstate. Michael Brown was travelling west in an Averitt Express tractor trailer. Mr. Brown hit Mr. Thomas' vehicle in the rear which caused it to be sandwiched between Mr. Brown and Mr. Champion's tractor trailers. Mr. Champion received damage to the rear of his tractor trailer.

7.

While responsible for the management and control of the vehicle, Defendant, Michael D. Brown, caused his vehicle to be driven in a careless, negligent, and reckless manner and without due regard for the safety and convenience of Edwin G. Champion. Defendant caused said vehicle to be driven into Plaintiff's vehicle causing him great physical pain and mental anguish.

## COUNT I

## NEGLIGENCE OF MICHAEL D. BROWN

8.

The allegations of paragraphs 1-7 are incorporated herein by reference.

9.

At such time and place, Defendant, Michael D. Brown, disregarded his duty as a motorist and failed to act reasonably under the existing circumstances. Michael D. Brown's negligence included the following:

    a.    Failure to maintain proper control of his vehicle;

    b.    Failure to keep a proper lookout;

    c.    Failure to drive at a reasonable speed under the existing circumstances and conditions;

    Failure to operate said vehicle with due care and caution for the safety of the plaintiff;

    d.    Failure to take evasive action to prevent or avoid the collision;

    e.    Failure to follow the rules of the road; and

    f.    Other acts of negligence or omissions of this defendant.

## COUNT II

### NEGLIGENCE OF AVERITT EXPRESS, INC.

10.

The allegations of paragraph 1-9 are incorporated herein by reference.

11.

At the above mentioned time and place, Defendant, Averitt Express, Inc., was the owner of the tractor trailer involved in the injury on May 3, 2016 and being operated by Michael D. Brown.

12.

At the above mentioned time and place, Defendant, Michael D. Brown, was acting in the furtherance of the business of Averitt Express, Inc., and within the scope of his employment.

13.

Defendant, Averitt Express, Inc., is liable for negligent acts of its employee, Michael D. Brown.

14.

Defendant, Averitt Express, Inc., knew or should have known that Defendant, Michael D. Brown, was a reckless or incompetent driver and should not have entrusted him with the tractor trailer he was operating. Entrusting the tractor trailer to Michael D. Brown was a negligent act by Defendant, Averitt Express, Inc.

## DAMAGES

15.

As a direct and proximate cause of the defendant's negligence and carelessness, Edwin Champion suffered serious injuries. Plaintiff is entitled to recover damages in an amount to be assessed by the jury, including but not limited to the following:

a.  Past, present and future doctor, hospital, drug, and medical bills;

b.  Mental and Emotional Distress;

c.  Past, present and future Physical Pain and Suffering;

d.  Inconvenience and discomfort;

e.  Loss of enjoyment of life;

f.  Any other relief which the Court or jury deems just or appropriate based upon the circumstances.

16.

Plaintiff further requests any other relief which the Court or Jury deems just or appropriate based upon the circumstances.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment from the defendant, Michael D. Brown, for actual and compensatory damages, plus pre-judgment (from the date of the filing of the Complaint) and post-judgment interest, punitive damages, attorneys' fees, all costs accrued in this action, and any other relief which the Court or Jury deems just or appropriate.

RESPECTFULLY SUBMITTED,

EDWIN CHAMPION

BY: _____

TYLVESTER O. GOSS (MSB #4920)

GOSS & WILLIAMS, PLLC
1441 LAKEOVER ROAD
JACKSON, MS 39213
(601) 981-2800